Robert E. STOOKSBURY, et
al, Plaintiffs–Appellants,

v.

ROHM & HAAS TENNESSEE,
INCORPORATED, Defendant–
Appellee.

No. 01–6273.

United States Court of Appeals,
Sixth Circuit.

May 28, 2003.

Before SUHRHEINRICH and COLE, Circuit Judges, and CARR, District Judge.*

## OPINION

PER CURIAM.

This appeal consists of three lawsuits in which thirty-six plaintiffs alleged that Defendant Rohm & Haas Company ("Rohm & Haas") discriminated against them based on age, in violation of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 *et seq.* ("ADEA"), and the Tennessee Human Rights Act, Tenn.Code Ann. §§ 4–21–101 *et seq.* ("THRA"), when it failed to hire them fourteen years after they had been laid off pursuant to a reduction-in-force. The district court granted Defendant's motion for summary judgment on the ground that Plaintiffs failed to raise a genuine issue of material fact as to whether they had been discriminated against because of age when Rohm & Haas did not hire them. Plaintiffs now appeal the grant of summary judgment, arguing (1) that the district court erred in failing to conduct its analysis under a pattern or practice framework; and (2) that summary judgment was inappropriate under the *McDonnell Douglas* framework because Plaintiffs raised genuine issues of material fact as to whether they were qualified for positions at Rohm & Haas and whether Defendant's reasons for failing to hiring Plaintiffs were pretextual. For the reasons discussed herein, we AFFIRM the judgment of the district court.

In 1996–1997, four age discrimination cases were filed against Rohm & Haas by former employees who had been laid off during a 1982 reduction-in-force at the company's Knoxville plant. In each case, the Plaintiffs, none of whom had worked for Rohm & Haas since being laid off, alleged that the company refused to hire them because of their age when they applied for employment in the mid–1990s. The Plaintiffs also claimed that the company's newly adopted hiring criteria were a pretext for discrimination. In the first action, *Browning v. Rohm & Haas Tenn., Inc.*, 16 F.Supp.2d 896 (E.D.Tenn.1998), the district court granted Defendant's motion for summary judgment, and a panel of this Court affirmed on appeal, 194 F.3d 1311 (6th Cir.1999) (table), *cert. denied,* 530 U.S. 1243, 120 S.Ct. 2688, 147 L.Ed.2d 960, *rehearing denied,* 530 U.S. 1296, 121 S.Ct. 16, 147 L.Ed.2d 1039 (2000). While the appeal was pending in *Browning,* the three other cases were consolidated. On October 6, 2000, Defendant filed a motion for summary judgment, which the district court granted on September 7, 2001. Plaintiffs timely initiated the current appeal.

■ Plaintiffs first argue that the district court erred in failing to consider the pattern or practice framework in evaluating their claims, noting that the *McDonnell Douglas* framework does not apply to such claims. Plaintiffs maintain that they alleged a pattern or practice theory in their complaints and also filed a supplemental brief with the district court, in which they asserted that the *McDonnell Douglas* framework does not apply to a pattern or practice case at the summary judgment stage. Relying on *Thiessen v. General Electric Capital Corporation,* 267 F.3d 1095 (10th Cir.2001), Plaintiffs contend that the district court inappropriately analyzed their claims, and that summary judgment is inappropriate as to their

---

* The Honorable James G. Carr, United States District Judge for the Northern District of Ohio, sitting by designation.

claims under a pattern or practice theory of discrimination.

The district court did not err when it failed to consider Plaintiffs' claims under a pattern or practice framework. First, Plaintiffs did not properly raise their discrimination claims under a pattern or practice theory. Plaintiffs never filed a trial plan stating that they were proceeding only under a pattern or practice framework. Nor did Plaintiffs notify the district court or Defendant that they were proposing a bifurcated proceeding under the pattern or practice theory. Moreover, while Plaintiffs' complaints state in a conclusory fashion that Defendant engaged in a pattern or practice of discrimination, Plaintiffs' response to Defendant's motion for summary judgment focused on their individual disparate treatment claims and the treatment of such claims under the *McDonnell Douglas* framework. Plaintiffs mention the pattern or practice framework, as well as a disparate impact theory of discrimination, only as an additional methods to prove their claims. Consequently, they cannot now argue that the district court's analysis under the *McDonnell Douglas* framework was inappropriate.

█ In any event, even if the pattern or practice theory were properly raised, Plaintiffs would not be entitled to relief under this theory. During the first stage of a pattern or practice case, the plaintiff's burden is "to demonstrate that unlawful discrimination has been a regular procedure or policy followed by an employer or group of employers." *Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324, 360, 97 S.Ct. 1843, 52 L.Ed.2d 396 (1977). The "plaintiff bears the burden of showing 'by a preponderance of the evidence that [age] discrimination was the company's standard operating procedure-the regular rather than the unusual practice.'"

*Adams v. Ameritech Services, Inc.*, 231 F.3d 414, 422 (7th Cir.2000) (quoting *Teamsters*, 431 U.S. at 336, 97 S.Ct. 1843). In this case, Plaintiffs have failed to raise a genuine issue of material fact that the hiring policy at issue is discriminatory. The hiring criteria are age neutral, and there is no evidence to suggest that Rohm & Haas implemented the criteria in order to discriminate against older workers. *Cf. Thiessen*, 267 F.3d 1095 (Involving allegations of a blocker policy, aimed at removing older employees who were blocking the advancement of younger, newly recruited employees). Since Plaintiffs have not submitted evidence from which a reasonable jury could conclude that the adoption of the hiring criteria was motivated by discriminatory reasons, or that age discrimination was the company's standard operating procedure, Plaintiffs would not succeed under a pattern or practice theory.

Plaintiffs also argue that the district court erred in its application of the *McDonnell Douglas* framework. First, Plaintiffs contend that the district court incorrectly used the company's nondiscriminatory explanation for its hiring decision—its hiring criteria—as the benchmark for determining whether Plaintiffs were qualified for chemical operator positions. Plaintiffs argue that there is a genuine issue of material fact as to whether they were qualified.

This argument lacks merit. In *Wexler v. White's Fine Furniture*, 317 F.3d 564 (6th Cir.2003) (en banc), this Court "explicitly set forth what is required for a plaintiff to satisfy the qualification prong of the prima facie test" in a discrimination action. *Id.* at 575. According to the Court,

> At the prima facie stage, a court should focus on a plaintiff's objective qualifications to determine whether he or she is qualified for the relevant job. The pri-

ma facie burden of showing that a plaintiff is qualified can therefore be met by presenting credible evidence that his or her qualifications are at least equivalent to the minimum objective criteria required for employment in the relevant field. Although the specific qualifications will vary depending on the job in question, the inquiry should focus on criteria such as the plaintiff's education, experience in the relevant industry, and demonstrated possession of the required general skills.

*Id.* at 575–76 (citations omitted).

While *Wexler* was decided after the district court issued its decision in this case, the district court's judgment that Plaintiffs' experience in the plexiglas operations was not relevant and that Plaintiffs had failed to demonstrate a genuine issue of material fact that they were qualified was based on an objective consideration of the qualifications required for employment in the relevant field (chemical operations). *See Wexler,* 317 F.3d at 576. The district court relied on the district court's analysis in *Browning.* There, in considering whether the plaintiffs had met their burden on the qualifications prong, the district court considered objective factors that the *Wexler* Court found important to the qualifications inquiry: "criteria such as the plaintiff's education, experience in the relevant industry, and demonstrated possession of the required general skills." *Wexler,* 317 F.3d at 576. The district court carefully considered the Plaintiffs' work experience in the plexiglas operation, and examined the skills required for a chemical operator. Furthermore, the district court considered detailed affidavits, which described the skills and training necessary for employment in the respective positions. *Browning,* 16 F.Supp.2d at 906. With regard to experience in the relevant industry, the district court concluded that the plexiglas operation was not relevant. *Id.*

at 907. Therefore, based on an objective inquiry, Plaintiffs did not establish that they possessed the skills required for work in chemical operations.

Even if there were a genuine issue of fact as to whether Plaintiffs were qualified for positions in chemical operations, summary judgment is proper because there is no genuine issue of material fact as to whether Defendant's reasons for not hiring Plaintiffs were pretextual. The evidence presented by Plaintiffs simply does not create a triable issue on the issue of pretext. Plaintiffs were not hired because they failed to meet the hiring criteria. Those who were hired did meet the hiring criteria. Plaintiffs' attempt to demonstrate pretext by introducing affidavits of supervisors, which they allege demonstrate that Plaintiffs were just as qualified as other applicants who were hired, does not create a genuine issue of material fact as to whether the hiring criteria are a pretext for age discrimination. *See Hein v. All America Plywood Co.,* 232 F.3d 482, 489–90 (6th Cir.2000) (stating that pretext may not be shown by attacking the adverse employment decision itself); *Brocklehurst v. PPG Indus., Inc.,* 123 F.3d 890, 898 (6th Cir.1997) (holding that soundness of an employment decision may not be challenged as a means of showing pretext).

After a careful review of the record, applicable law, the parties' briefs, and oral argument by counsel, we conclude that the district court did not err in granting summary judgment in favor of Defendant. The district court did not err in analyzing Plaintiffs' claims under the *McDonnell Douglas* framework, and the district court properly concluded that, under that framework, there were no genuine issues of material fact and summary judgment was appropriate. As the district court accurately described the evidence and reached the

448

correct legal conclusion on the facts of this case, no useful purpose would be served by issuing a full opinion. We thus AFFIRM the district court's judgment in favor of Defendant on the basis of its well-reasoned opinion.